AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Elizabeth FISHER<br><br>*Defendant(s)* | )<br>)<br>) Case No.  **H19-0913M**<br>)<br>)<br>) |

United States Courts
Southern District of Texas
**FILED**

*May 20, 2019*

David J. Bradley, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 18, 2019___ in the county of ___Harris___ in the ___Southern___ District of ___Texas___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 841(a)(1) & (b)(1)(A) | Knowingly and unlawfully possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance |

This criminal complaint is based on these facts:
See attached in support of a Criminal Complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

Vadim Teper, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-20-19

*Judge's signature*

City and state: Houston, Texas       Nancy K. Johnson, United States Magistrate Judge
*Printed name and title*

## Affidavit in Support of Criminal Complaint

I, Vadim Teper, being first duly sworn, depose and state the following:

1. I am a Special Agent of the United States Drug Enforcement Administration, presently assigned to the DEA Houston Field Division, Enforcement Group D25. Your Affiant has been a Special Agent for DEA since January 2006. Your Affiant received four (4) months of training in drug trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia.

2. Your Affiant has received courses of instruction from DEA relative to the investigative techniques and the conducting of drug and financial investigations. Your Affiant has participated in numerous investigations involving the illegal possession and distribution of narcotics and involving money laundering. Your Affiant participated in investigations of unlawful drug distribution, and, among other things, has conducted or participated in numerous surveillance operations, the execution of search warrants, and debriefings of confidential sources. In addition, your Affiant has conducted follow-up investigations concerning the concealment of drug produced assets, money, bank records, etc., and the identification of co-conspirators through the use of ledgers, telephone bills and records, photographs and bank checks, related to drug trafficking.

3. The information enumerated in the paragraphs below, furnished in support of this affidavit, is either personally known by me, or has been relayed to me by other federal agents or officers, state and local sworn law enforcement officers, or reliable witnesses. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, the affidavit may not contain every fact known to me during the course of the investigation.

4. In April 2019, DEA Vancouver provided information to DEA Houston that they (DEA Vancouver) and the Alberta Law Enforcement Response Team (ALERT) Combined Forces Special Enforcement Unit in Calgary, Alberta, Canada, were conducting an ongoing narcotics investigation into the LOWE international drug trafficking organization (DTO). This investigation has identified members of the LOWE drug trafficking organization (DTO) located within various states throughout the United States. In particular this investigation has uncovered an extensive and elaborate narcotics importation network responsible for the importation of cocaine from Mexico with transportation of the cocaine through the United States of America (USA) into Canada. The information identified Elizabeth FISHER as the member of the

DTO who was being directed to travel to Houston, TX to facilitate the shipment of approximately 70 kilograms of cocaine.

5. On May 9, 2019, your Affiant and HSI Special Agent (SA) Gary Renick were alerted that Elizabeth FISHER confirmed her air travel to IAH Airport in Houston, Texas via West Jet flight WS 1534 scheduled to arrive at IAH Airport on May 12, 2019 at approximately 5:20 p.m.

6. On May 12, 2019, DEA Agents and TFOs established surveillance and were able to locate FISHER, who arrived via the aforementioned flight to IAH Terminal A, Gate 24. Your Affiant observed FISHER getting a shuttle bus to IAH Rental Car Center, located at 17330 Palmetto Pines, Houston, TX 77032. Your Affiant observed FISHER walk over to the Alamo Car Rental and fill out the rental agreement. Your Affiant later observed FISHER approach and enter a black 2019 Chevrolet Traverse, bearing Tennessee license plate 9N1-5M9, hereinafter referred to as the SUBJECT VEHICLE. Agents followed FISHER, operating the SUBJECT VEHICLE, to a Best Western Hotel at 1549 Westborough Dr., Katy, TX 77449. Your Affiant observed FISHER exit the SUBJECT VEHICLE, remove her luggage from the SUBJECT VEHICLE and enter the hotel lobby. On May 14, 2019, Your Affiant conducted surveillance of FISHER and observed her arrive and enter a townhouse located at 17819 Skyline Arbor Terrace in Houston, TX. Your Affiant observed FISHER park the SUBJECT VEHICLE inside of the garage at 17819 Skyline Arbor Terrace, Houston, TX.

7. On May 18, at approximately 9:00 a.m., your Affiant along with other members of DEA, HSI and the Houston Police Department (HPD) conducted surveillance of FISHER's temporary residence at 17819 Skyline Arbor Terrace in Houston, TX. At approximately 12:00 p.m., your Affiant observed FISHER, operating the SUBJECT VEHICLE, depart the residence and travel to the Randall's parking lot located at 525 S Fry Rd., Katy, TX. At approximately 12:14 p.m., your Affiant observed FISHER talking on her cellphone while sitting inside the SUBJECT VEHICLE. Shortly after, FISHER departed the Randall's parking lot and traveled to the Home Depot parking lot located at 6800 Hwy 6 N, Houston, TX. Your Affiant observed FISHER park her vehicle and remain inside. At approximately 12:56 p.m., SA Raymond Thompson observed an unidentified Hispanic male approach FISHER's vehicle and engage in conversation with FISHER. Shortly after, SA Thompson observed FISHER exit the SUBJECT VEHICLE and the unidentified Hispanic male enter the SUBJECT VEHICLE. Your Affiant observed FISHER walk inside the garden center area of the Home Depot store and remain there for approximately 7 minutes. HPD Officer Jose Benavides then observed FISHER on her cellphone, looking around as if she was looking for the SUBJECT VEHICLE, then walk out of the Home Depot store and enter the SUBJECT VEHICLE which was parked in a different location closer to the store entrance.

8. Your Affiant observed FISHER enter the SUBJECT VEHICLE and travel southbound on Hwy 6. At this time, your Affiant contacted Harris County Constable Precinct 5 Deputy D. Alaniz who was able to assist in surveillance of FISHER and the SUBJECT VEHICLE. Deputy D. Alaniz observed the SUBJECT VEHICLE to commit a traffic violation, and subsequently conducted a traffic stop of the SUBJECT VEHICLE. Deputy D. Alaniz approached the driver's side of the SUBJECT VEHICLE, which was being driven by FISHER, who was the sole occupant of the vehicle. Deputy D. Alaniz advised FISHER of the traffic violation and asked for a consent to search the vehicle. FISHER granted the consent to search the SUBJECT VEHICLE. Deputy D. Alaniz was able to see four (4) duffel/sport bags in the cargo area of the SUBJECT VEHICLE. Deputy D. Alaniz then opened the rear hatch of the vehicle and proceeded to unzip one of the bags at which time Deputy D. Alaniz discovered multiple brick shaped packages, which were wrapped in silver plastic tape/duct tape. A total of seventy eight (78) packages weighing approximately 89.25 kilograms were found and seized. The packages were found to contain a white powdery substance, believed to be cocaine. A field test was performed which was positive indicating the presence of cocaine.

9. FISHER was arrested and transported to DEA Houston. SA Thompson advised FISHER of her Miranda rights. SA Thompson asked FISHER if she was willing to answer questions at which time FISHER responded that she (FISHER) did. During FISHER's post arrest statement, FISHER stated that she was directed to go to the Home Depot parking lot to receive drugs. FISHER stated that upon arrival at the Home Depot she was approached by the unknown Hispanic male, who took possession of her vehicle and directed FISHER to go inside of the store and wait for his call. FISHER complied and left the vehicle running with keys in it with the unknown Hispanic male. Shortly after, FISHER received a phone call from the same Hispanic male advising FISHER to return to her vehicle. FISHER entered her vehicle and proceeded to drive back to her temporary residence at 17819 Skyline Arbor Terrace in Houston, TX. FISHER stated that she was instructed to take the drugs home to conduct drug testing and await further instructions as to whom to deliver the cocaine.

10. Based on your Affiant's training and experience, and the aforementioned facts and observations, your Affiant believes there is probable cause to believe that Elizabeth FISHER did knowingly and unlawfully possess with intent to distribute approximately eighty nine (89) kilograms of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code Section 841(a)(1) and (b)(1)(A).

_____
Vadim Teper
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me this 20th day of May, 2019 and I find probable cause.

_____
Nancy K. Johnson
United States Magistrate Judge